# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**JERRY EDSON WEATHERS**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:02-CR-182**

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is on supervised release following a 76-month custodial sentence for being a felon in possession of a firearm. The present incident arose when the probation officer found out defendant was working as a cook at the Doghouse Saloon in Muskegon, MI, an establishment best described by one witness as a biker bar. Defendant is prohibited from frequenting any establishment "whose primary purpose is the sale/serving of alcohol." Defendant argues this establishment makes more money serving food than it does (continued on attachment)

## Part II – Written Statement of Reasons for Detention

The defendant has failed to show by clear and convincing evidence that there is a condition or combination of conditions that will assure the safety of the community and the presence of the defendant for future court proceedings in light of his behavior in court which ranged from totally contemptuous to manipulative to emotional to behavior suggesting a person in need of anger management. As the court noted at the time of the hearing, defendant may be his own worst enemy because it is difficult to see just who he is. Unfortunately, this precludes him from carrying his burden of proof.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 24, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

\*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Jerry Edson Weathers
1:02-CR-182
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) - (continued)**

alcohol. When he was told he could not work there, he said he would rather go back to prison. Defendant was instructed to report to the Grand Rapids Probation Office, and when the Marshals appeared to take him into custody, a verbal altercation took place and the Marshals physically took the defendant to the ground and handcuffed him. There was no physical struggle.

Defendant behaved differently at his two appearances in court on this matter. The first time, he was totally contemptuous of the court (refusing to stand, quoting the UCC, denying he was Jerry Edson Weathers, and insisting that he was stormy Weathers, etc.). The second time defendant appeared with court-appointed counsel and responded normally, but was highly emotional and somewhat argumentative. Defendant, by his own omission, has cultivated an image of being the baddest kid on the block.

Defendant has admitted to being deceptive (i.e. lying) on various occasions, sometimes just to be manipulative. For example, he claims now that he lied earlier about the need to use drugs in order to obtain the benefits of a rehabilitation program. He also stated that when he nears "rock bottom," he will do stupid things. At the moment, according to his testimony about his circumstances, he is near rock bottom.

**Part II - Written Statement of Reasons for Detention - (continued)**